Shaw, C. J.
The St. of 1841, c. 105, makes it very clear, we think, that the county commissioners, in the present case, acted within the scope of their authority, and fully performed their duty to the town. The provision is, that “ whenever any highway shall be laid out or altered, or whenever any highway heretofore ordered by the county commissioners, in any county to be laid out or altered, shall hereafter be completed and accepted, said commissioners may cause the whole or any part of the expense of making or altering such highway, according as they shall decide to be just and reasonable, to be paid out of the treasury of such county, any thing in the 46th section of the 24th chapter of the revised statutes to the contrary notwithstanding.”
This statute alters the preexisting law, in several particulars. The cost to be apportioned is the actual cost, to be ascertained *332 and ordered after the work is completed and the cost known not the sum estimated when the making or alteration of the way is ordered. It also gives the commissioners power to apportion more than one half of the cost upon the county, if they decide that it is just and reasonable. The only ground upon which the petitioners found their claim is, that when the road was ordered, the cost was estimated at $2 a rod, and the order directed that one half of that sum should be paid by the county. In this respect, those commissioners exceeded or mistook their authority ; and this part of their order imposed no obligation or duty upon the commissioners who subsequently accepted the road, after it was completed, and apportioned the expense according to the actual cost, without regard to the previous estimate. In this respect, the law supports the equity of the case; as it was manifestly never the intention of the commissioners, who made that estimate, to do more in favor of the town than indemnify them, from the county treasury, for one half of their actual outlay.

Petition dismissed.